KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0017-H |
| | ) | |
| Plaintiff, | ) | Date: March 10, 2008<br>Time: 2:00 p.m. |
| | ) | |
| v. | ) | The Honorable Marilyn L. Huff |
| | ) | |
| EDGAR REYNOLPHO REYES-RODAS, | ) | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR** |
| | ) | |
| Defendant. | ) | **1) FINGERPRINT EXEMPLARS**<br>**2) RECIPROCAL DISCOVERY**<br>**3) LEAVE TO FILE FURTHER MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

//

//

//

## I

## STATEMENT OF THE CASE

On January 2, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Edgar Reynolpho Reyes-Rodas ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On January 7, 2008, Defendant was arraigned on the Indictment and pled not guilty. On February 8, 2008, Defendant filed his discovery motions. On February 11, 2008, the Court continued the motion hearing and trial setting to March 10, 2008. The United States files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

## II

## STATEMENT OF FACTS

### A. <u>OFFENSE CONDUCT</u>

On October 19, 2007, at approximately 7:30 p.m., Officer C. Tews of the San Diego Police Department encountered Defendant loitering on the southwest corner of 47th and Polk Avenue in San Diego, California. Defendant was not wearing a shirt, and Officer Tews engaged Defendant in conversation regarding his tattoos. Defendant had "ESD" and "East San Diego" tattooed on his body. Defendant freely admitted to Officer Tews that he used to be a member of the East San Diego gang and that his moniker was "Penguin." When asked for identification, Defendant falsely stated that his name was "Alberto Rodriguez" and that he had never been arrested. Defendant then stated, falsely, that his name was "Alberto Reyes" and that he had been arrested for auto theft. Officer Tews conducted a further records check, which revealed that the Defendant's tattoos and birthday matched "Edgar Reyes" who had an outstanding immigration warrant for being a deported alien with a prior aggravated felony. Officer Tews confronted Defendant with this information, and Defendant freely admitted his name was "Edgar Reynolpho Reyes-Rodas." Officer Tews placed Defendant under arrest for the warrant, contacted immigration officials, and transported Defendant to a Border Patrol Station for processing.

On October 19, 2007, at approximately 10:17 p.m., Officer Tews met with U.S. Border Patrol Agent L. Campanella and Immigration and Customs Enforcement Agent R. Sanders at the El Cajon Border Patrol Station. Officer Tews provided the agents with Defendant's biographical information,

and the agents were able to confirm that Defendant had an active immigration warrant for his arrest because Defendant was a deported criminal alien with a prior aggravated felony.

**B. <u>DEFENDANT'S IMMIGRATION HISTORY</u>**

Defendant is a citizen and national of Guatemala. On January 27, 1995, Defendant was ordered excluded, deported, and removed from the United States to Guatemala pursuant to an order issued by an immigration judge. On October 7, 1998, Defendant was again ordered excluded, deported, and removed from the United States to Guatemala pursuant to an order issued by an immigration judge. After the last time Defendant was lawfully ordered excluded, deported, and removed from the United States, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

**C. <u>DEFENDANT'S CRIMINAL HISTORY</u>**

Defendant has a criminal history, and the United States propounds that Defendant has six criminal history points placing him in Criminal History Category III. On May 20, 1998, Defendant was convicted of a felony for accessory (after the fact) by harboring a fugitive, in violation of California Penal Code § 32, and received a sentence of 16 months in prison. On January 26, 1995, Defendant was convicted, in the Southern District of California, of misdemeanor illegal entry, in violation Title 8, United States Code § 1325, and received a sentence from Judge Anthony Battaglia of time served. On January 14, 1998, Defendant was convicted of a felony for assault with a deadly weapon likely to cause great bodily injury, in violation of California Penal Code § 245(a)(1), and received a sentence of 364 days in jail. On July 15, 1998, Defendant was convicted of misdemeanor riot, in violation of California Penal Code § 404, and received a sentence of 10 days in jail.

## III

## UNITED STATES' MOTIONS

**A. <u>MOTION FOR FINGERPRINT EXEMPLARS</u>**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. <u>See</u> <u>United States v. Ortiz-Hernandez</u>, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and

immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

### B. MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1. Defendant's Disclosures Under Fed R. Crim. P. 16(b)

On February 8, 2008, Defendant invoked Fed. R. Crim. P. 16(a) in his discovery motion and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 115 pages of discovery (including reports of the arresting officers and agents, a criminal history report, documents concerning Defendant's prior convictions and immigration history), 1 DVD-ROM containing Defendant's videotaped, post-arrest statement, and 1 CD-ROM containing the dispatch recordings from the San Diego Police Department on the date Defendant was arrested. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P.

16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. <u>Witness Statements Under Fed. R. Crim. P. 26.2</u>**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**C. <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

**IV**

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: February 13, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDGAR REYNOLPHO REYES-RODAS,<br>Defendant. | ) | Criminal Case No. 08CR0017-H<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR FINGERPRINT EXEMPLARS, RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Leila Morgan, Esq.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101
Tel: (619) 234-8467
Fax: (619) 687-2666
Email: leila_morgan@fd.org
*Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney